PREGERSON, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority’s conclusion that the district court did not err in granting summary judgment to Defendant on Lopez’s disparate treatment claim. But, I disagree with the majority’s decision to foreclose Lopez’s disparate impact claim, and I would allow that claim to proceed for the following reasons.

Disparate Impact Claim

Under § 12112(b)(6) of the Americans with Disabilities Act (“ADA”), it is unlawful for employers to institute any “selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless ... consistent with business necessity.” 42 U.S.C. § 12112(b)(6). Lopez contends that lifetime employment bans for drug test failures are per se violations of the ADA because they invariably exclude certain protected individuals from employment based on past behavior related to their disability.[1] Employers may not reject an applicant because the applicant was previously addicted to drugs. See Hernandez v. Hughes Missile Sys. Co., 362 F.3d 564, 568 (9th Cir.2004). Yet Lopez contends that this is exactly what the Pacific Maritime Association’s lifetime hiring ban does. In support of his disparate impact claim, Lopez offered expert testi *769 mony that drug addicts are disproportionately affected by the lifetime employment ban. In addition, Lopez showed that at least twenty-seven individuals were subjected to the ban during roughly the same period he was. Because the identities of those individuals are protected, the court does not know which, if any, of them were drug addicts rather than casual users, or which of the addicts, if any, were later rehabilitated. It is clear, however, that a significant number of individuals were impacted by the lifetime employment ban. It is also reasonable to infer that at least some of those individuals, like Lopez, were at one time addicted to drugs, but after participating in a drug rehabilitation program, were able to overcome their addiction. Viewing the evidence in the light most favorable to the Plaintiff, and making all reasonable inferences in his favor, Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1087 (9th Cir.2001), Lopez has put forward sufficient evidence to establish a prima facie case of adverse impact on the protected class.
Moreover, the district court erred in requiring statistical evidence to support Lopez’s disparate impact claim under the ADA. While statistical evidence is generally required to show disparate impact in, for example, age discrimination cases[2] and discrimination cases under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., such evidence is not required for similar claims under the ADA:
It is not necessary to make statistical comparisons between a group of people with disabilities and people who are not disabled to show that a person with a disability is screened out by a selection standard. Disabilities vary so much that it is difficult, if not impossible, to make general determinations about the effect of various standards, criteria and procedures on “people with disabilities.” Often, there may be little or no statistical data to measure the impact of a procedure on any “class” of people with a particular disability compared to people without disabilities.
Barbara T. Lindemann & Paul Grossman, Employment Discrimination Law 953 (C. Geoffrey Weirich ed., 4th ed. 2007) (quoting EEOC, Technical Assistance Manual § 4.3 (1992)).
Furthermore, it is manifestly unreasonable to require' statistical data regarding the number of recovering addicts either hired by an employer or screened out by a drug test. Recovering addicts are unlikely to identify themselves to employers, or to a plaintiffs investigator in a lawsuit such as this, even if asked. One of the primary limitations suffered by individuals recovering from addiction is the continuing stigma associated with their prior drug and alcohol use.[3] It is not an accident that nearly every 12-step support group includes the word “anonymous” in its name. Thus, statistical evidence on recovering addicts is, as a practical matter, rarely available. It follows that if we are to give effect to the ADA’s express protection of individuals recovering from drug and alcohol addiction, we must, at the summary judgment stage, liberally construe any evidence suggesting an adverse impact on those individuals.
I do not suggest that we now determine whether lifetime employment bans resulting from a positive drug test necessarily violate the ADA. It is clear, though, that where such a test is mandated by an em *770 ployer who exercises singular control over an industry spanning the whole west coast of the United States, the potential impact of the policy is broad and pervasive. I would allow Lopez’s case to proceed to determine whether Pacific Maritime Association’s lifetime employment ban in fact has an adverse impact on recovering addicts. Accordingly, I dissent from the majority’s affirmance of the district court’s grant of summary judgment in favor of Pacific Maritime Association on the disparate impact claim.

Waiver of Lopez’s § 12112(b)(6) Claim

The majority concludes that Lopez has waived his disparate impact claim under § 12112(b)(6) of the ADA, which, again, makes unlawful any employment “selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless ... consistent with business necessity.” According to the majority, Lopez failed to raise this argument prior to filing his petition for rehearing, after the original opinion in this case issued. In the majority’s view, Lopez intended to prove his disparate impact claim through the more common method of proving disparate impact set out in Title VII discrimination cases. I disagree with the majority that Lopez has waived his disparate impact claim under § 12112(b)(6) of the ADA for failure to raise it until his petition for rehearing.
First, Lopez expressly cited to and quoted § 12112(b)(6) in multiple portions of his appellate and district court briefs. For example, in Lopez’s opening appellate brief, he argued that “Title I of the ADA ... is broad in scope ... and expressly prohibits employers from ‘using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability....’” Lopez further argued that the “one-strike/automatic lifetime ban rule is a per se violation of the ADA” and that “[ujnder the ADA, an employer ‘discriminates’ against an otherwise qualified individual with a disability ‘if the employer uses ... employment tests or other selection criteria that screen out or tend to screen out an individual with a disability.’ ”
Lopez made similar arguments to the district court, belying the majority’s contention that Lopez has “deprive[d] us of the assistance of our colleague below and [has] deprived Defendant of the opportunity to meet [Lopez’s] new argument in the proper course.” For example, Lopez argued that the ADA prohibits “[practices which tend to ‘screen out’ applicants with disabilities.” Plaintiffs Supplemental Memorandum of Points and Authorities re: Motions for Summary Judgment at 6, Lopez v. Pac. Mar. Ass’n et al., No. 2:06-cv-04154-GW-JTL (C.D. Cal. Jan. 18, 2008), ECF No. 82 (citing § 12112(b)(6)). Lopez further argued that Congress was “express in [its] prohibition that employers may not deny work opportunities to individuals no longer engaged in drug use.” Id. (citing § 12114(b)(1)). Pacific Maritime Association filed responses to Lopez’s briefs, and the district court had an opportunity to consider both parties’ arguments. See, e.g., Defendants’ Supplemental Brief in Support of Motion For Summary Judgment, Lopez v. Pac. Mar. Ass’n et al., No. 2:06-cv-04154-GW-JTL (C.D. Cal. Feb. 7, 2008), ECF No. 90. Although the district court ultimately ruled in favor of Pacific Maritime Association, the district court expressly recognized in its decision that § 12112(b)[ (6) ] of the ADA prohibits employers from using employment criteria that “screen out or tend to screen out an individual with a disability.” Lopez v. Pac. Mar. Ass’n et al., No. 2:06-cv-04154-GW-JTL, Statement of Decision on Motions for Summary Judgment at 8 (C.D. Cal. Apr. 3, 2009), ECF No. 134 (quoting Raytheon, 540 U.S. at 54,124 S.Ct. 513). The district *771 court was clearly aware of Lopez’s § 12112(b)(6) argument.
Second, although Lopez cited to Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994-95, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988) — a Title VII race discrimination case — in his opening appellate brief, Lopez did so merely to outline the basic steps required to establish a prima facie case of disparate impact. Lopez did not argue that Title VII discrimination cases (and their attendant statistical proof requirement) govern the disposition of his case. Rather, Lopez expressly argued that, in contrast to Title VII discrimination cases, there is no requirement that plaintiffs offer statistical evidence of discrimination in disparate impact cases brought under the ADA. In Lopez’s view, “[t]he District Court erroneously concluded that statistical evidence was ‘required’ to state a prima facie case of ‘disparate impact’____[Pacific Maritime Association’s] lifetime ban on hiring as applied to rehabilitated drug/alcohol addicts is a per se violation of the ADA and does not require any statistical evidence to reach that conclusion.”
Lopez continued to press his position in his reply brief, arguing that, “[t]here is no legal authority ... supporting the District Court’s decision that the ‘statistical requirements’ for [race, age, and gender discrimination] causes of action are applicable to a case brought by a rehabilitated addict.” [4]
Moreover, despite the majority’s contention to the contrary, Lopez expressly argued in district court that statistical evidence was not required in ADA disparate impact cases. See, e.g., Plaintiffs Opposition to Defendants’ Motion for Summary Judgment, or in the Alternative, Summary Adjudication at 19, Lopez v. Pac. Mar. Ass’n et al, No. 2:06-cv-04154-GW-JTL (C.D. Cal. Sept. 5, 2007), ECF No. 54; Plaintiffs Reply to Defendants’ Opposition to Plaintiffs Motion for Summary Judgment, or in the Aternative, Summary Adjudication at 6, No. 2:06-cv-04154-GW-JTL (CD. Cal. Sept. 10, 2007), ECF No. 62. The district court disagreed, holding that “Plaintiffs argument that he can establish a claim of disparate impact ... without proffering relevant statistical evidence must be rejected.” Lopez, No. 2:06-cv-04154-GW-JTL at 20. Athough I disagree with the district court’s conclusion, it is clear from the previous statement that the district court had an opportunity to consider Lopez’s arguments.
In light of the foregoing, I believe Lopez has sufficiently argued that he has a disparate impact claim under § 12112(b)(6) of the ADA, that Title VII race discrimination cases do not entirely govern the disposition of his case, and that statistical evidence is not required in ADA cases such as this. Moreover, Pacific Maritime Association had an opportunity to respond to Lopez’s arguments in the district court and on appeal, and the district court reached a reasoned decision below. I thus cannot agree with the majority’s conclusion that Lopez has waived his disparate impact claim under § 12112(b)(6) of the ADA.

. This is distinct from either current drug use or workplace misconduct, both of which employers may lawfully penalize. See, e.g., Amy L. Hennen, Protecting Addicts in the Employment Arena: Charting a Course Toward Tolerance, 15 Law & Ineq. 157, 172-74 (1997).

. See Pottenger v. Potlatch Corp., 329 F.3d 740, 749 (9th Cir.2003).

. See Brief of the Betty Ford Center et al., as Amici Curiae Supporting Respondent, Raytheon v. Hernandez, 540 U.S. 44, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003) (No. 02-749), 2003 WL 21649671 at *21-22.

. Lopez’s citation to the statistical evidence discussion in Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), is not a concession that a statistical showing is required to prove his disparate impact claim. Instead, Lopez emphasized that, although statistical proof is not required in ADA cases (unlike Title VII discrimination cases), a plaintiff may use statistics to bolster his case. Lopez merely argues that if a plaintiff chooses to proffer statistical evidence, cases such as Griggs are relevant to the court’s analysis.